IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOUIS JAMES THIBODEAUX,  03:10-cv-00133-KI

        Petitioner,  OPINION AND ORDER

  v.

GARY KILMER, Superintnedent,

        Respondent.

Corrine J. Lai
Attorney at Law
The Foundry at Jean
5895 Jean Road
Lake Oswego, OR 97035

    Attorney for Petitioner

John R. Kroger
Attorney General
Summer R. Gleason
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Respondent moves the court to deny habeas relief on

1 -- OPINION AND ORDER

the sole basis that the petition is untimely. For the reasons set forth below, I conclude that the petition was timely filed.

## BACKGROUND

On December 14, 2000, petitioner was convicted of Robbery in the First Degree and Unauthorized Use of a Weapon. He was sentenced to a 120-month term of incarceration, with 36 months post-prison supervision. Resp. Exh. 101.

On or about January 12, 2009, petitioner filed a petition for writ of mandamus in Marion County Circuit Court, seeking to compel the State of Oregon, the Oregon Department of Corrections (ODOC), the Oregon Parole Board, and Superintendent Brian Belleque to correctly calculate his sentence and/or to release him from confinement. Resp. Exhs. 102 & 103.[1] According to petitioner, his state sentence should have expired on September 2, 2008.

On February 18, 2009, the Honorable L.E. Ashcroft issued an order requiring defendants to show cause why the writ should not issue. Resp. Exh. 104. In response, the Board of Parole and Superintendent Belleque moved to dismiss the writ on the basis that the ODOC is the sole entity responsible for calculating a prisoner's sentence expiration date and, therefore, the only proper defendant. Resp. Exh. 105. Additionally, the ODOC moved for

---

[1] In setting forth the filing dates in this proceeding, I apply the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), which deems a pleading filed at the time the prisoner delivers it to prison authorities for mailing to the clerk of the court.

summary judgment on the basis that petitioner had an adequate remedy at law (state habeas corpus), and petitioner's sentence had been properly calculated. Resp. Exhs. 106 & 107.

On August 28, 2009, Judge Ashcroft issued an opinion letter denying petitioner's petition for writ of mandamus on the basis that the court lacked jurisdiction to mandate that the ODOC allow an inmate to participate in alternative programing; petitioner failed to exhaust his administrative remedies; petitioner had a plain, speed and alternative remedy available; there was no material issue of fact in dispute; and defendant was entitled to judgment as a matter of law. Resp. Exh. 115. Judgment was entered on October 8, 2009. Resp. Exh. 102.

In the instant proceeding, respondent argues that petitioner's federal habeas petition is untimely because it was not filed within one year of September 2, 2008. See 28 U.S.C. § 2244(d)(1)(D). According to respondent, petitioner's state mandamus proceeding did not statutorily toll the one-year limitation period under § 2244(d)(2) because it was not "properly filed". Respondent reasons that "[u]nder *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 161 L.Ed.2d 669, the alternative writ of mandamus was not properly filed because it was not the appropriate remedy." I disagree.

///
///
///

3 -- OPINION AND ORDER

**DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period applies to any "person in custody pursuant to the judgment of a State court" who brings an application for a writ of habeas corpus (including a challenge to a prison administrative decision). Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). In the instant proceeding, the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

However, the statute of limitations is tolled for "[t]he time during which a ***properly filed*** application for State post-conviction ***or other collateral review with respect to the pertinent judgment or claim is pending***." 28 U.S.C. § 2244(d)(2) (emphasis added). An application or petition is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as rules prescribing the form of the document, the time limits on its delivery, the court and office in which it must be lodged, and the filing fee. Artuz v. Bennett, 531 U.S. 4, 9 (2000); Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). In determining whether a petition is properly filed, this court

4 -- OPINION AND ORDER

does not examine whether the individual *claims* contained in the petition lack merit or are procedurally barred, unless such defects are "conditions to filing, as opposed to a condition to obtaining relief." Artuz, 531 U.S. at 9-11.

In the instant proceeding, respondent contends that the limitation period commenced on September 2, 2008, the date petitioner learned he would not be released from custody. I accept this date for purposes of addressing respondent's argument. Hence, petitioner's habeas petition must have been filed by September 2, 2009, unless the limitation period was statutorily tolled due to the pendency of petitioner's state mandamus petition.

However, contrary to respondent's assertion, I conclude that petitioner's state mandamus petition tolled the limitation period. Because petitioner challenged the legality of his continuing confinement in his state mandamus petition, the state petition is properly characterized as an application for "collateral review with respect to the pertinent judgment or claim . . . pending" under 28 U.S.C. § 2244(d)(2).

Further, it appears from the state court record that the state mandamus petition complied with all applicable laws and rules governing filing, but ultimately was denied because petitioner had an adequate remedy at law, and was not otherwise entitled to mandamus relief. Those types of procedural bars to relief are "conditions to obtaining relief", not "conditions to filing" and,

5 -- OPINION AND ORDER

therefore, do not render petitioner's mandamus petition improperly filed for purposes of § 2244(d)(2).  See Blair v. Crawford, 275 F.3d 1156, 1159 (9th Cir. 2002); Harris v. Director, Virginia Dept. of Correc., 282 Fed.Appx. 239 *3 (4th Cir. 2008); see also Brown v. Barrow, 512 F.3d 1304, 1308 n. 2 (11th Cir. 2008) (opining that "a properly filed state mandamus petition would probably toll the limitations period"); Davis v. Hart, 2010 WL 3292081 *1 (S.D.Ga. Aug. 19, 2010) (same); but see Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002) (mandamus petition did not toll limitation period where it did not challenge the judgment pursuant to which the petitioner was incarcerated).

Accordingly, because petitioner's state mandamus petition was properly filed, and was pending from January 12, 2009 to October 8, 2009, the limitation period was statutorily tolled under § 2244(d)(2) during that same time period, rendering his federal habeas corpus petition, filed on February 3, 2010, timely.

## CONCLUSION

Based on the foregoing, I conclude that petitioner's habeas corpus petition was timely filed.  Accordingly, IT IS ORDERED that within 30 days of the date of this order, respondent shall file any further response to petitioner's habeas petition.

///

///

///

6 -- OPINION AND ORDER

Petitioner may file an additional supporting memorandum within 30 days thereafter, at which time petitioner's habeas petition shall be taken under advisement.

IT IS SO ORDERED.

DATED this ____1st____ day of September, 2011.

                                        /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge